[No. 7928. Department One. June 14, 1909.]

SARAH L. STAY, *Appellant*, v. ANDREW H. STAY,
*Respondent*.[1]

DIVORCE—JUDGMENT—RES JUDICATA. A judgment dismissing an
action for divorce, based on the ground of cruelty, is *res judicata*
and a bar to another action based upon acts of cruelty that occurred
prior to the time of the trial.

SAME. Where a wife left her home and at once brought action
for divorce on the ground of cruelty, dismissal of the action on the
merits and a finding that the defendant was not at fault, is *res
judicata* and a bar to an action for a divorce on the grounds of con-
structive abandonment by reason of cruelty and of failure to support
since the former action, in the absence of any showing that the wife
attempted to return and receive support at home.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered November 2, 1908, upon sustain-
ing defendant's motion for judgment on the pleadings, dis-
missing an action for divorce. Affirmed.

*E. P. Dole, J. E. McGrew,* and *H. U. Woodin,* for appel-
lant, contended, among other things, that where the husband
turns the wife out, he is guilty of abandonment at the end
of the statutory period. *Jones v. Jones,* 95 Ala. 443, 11
South. 11, 18 L. R. A. 95; *Starkey v. Starkey,* 21 N. J. Eq.
135. There was a constructive abandonment. *Holston v.
Holston,* 23 Ala. 777; *Albee v. Albee,* 141 Ill. 550, 31 N. E.
153; *Johnson v. Johnson,* 125 Ill. 510, 16 N. E. 891; *War-
ner v. Warner,* 54 Mich. 492, 20 N. W. 557; *Weigand v.
Weigand,* 41 N. J. Eq. 202, 3 Atl. 699; *Id.,* 42 N. J. Eq.
699, 11 Atl. 113; *Skean v. Skean,* 33 N. J. Eq. 148; *Palmer
v. Palmer,* 22 N. J. Eq. 88; *Marker v. Marker,* 11 N. J. Eq.
256; *Waltermire v. Waltermire,* 110 N. Y. 183, 17 N. E.
739; *Setzer v. Setzer,* 128 N. C. 170, 38 S. E. 731, 83 Am.
St. 666; *High v. Bailey,* 107 N. C. 70, 12 S. E. 45; *Wood
v. Wood,* 27 N. C. 674; *Sisemore v. Sisemore,* 17 Ore. 542,

[1]Reported in 102 Pac. 420.

21 Pac. 820; *Howe v. Howe*, 16 Pa. Super. Ct. 193; *Camp v. Camp*, 18 Tex. 528; *Almond v. Almond*, 4 Rand. 662, 15 Am. Dec. 781. The former judgment is not a bar, since cruel acts, as a matter of law, may not be ground for a divorce, but at the expiration of a year may constitute constructive abandonment. *Rand v. Rand*, 58 N. H. 536. The wife is not held to the same accountability as the husband in seeking a reconciliation. *Millowitsch v. Millowitsch*, 44 Ill. App. 357; *Sargent v. Sargent*, 36 N. J. Eq. 644.

*Douglas, Lane & Douglas*, for respondent, contended, *inter alia*, that the judgment in the former suit is conclusive as to all matters which were litigated and also as to all matters which might have been litigated therein. *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946; *Cromwell v. County of Sac*, 94 U. S. 351, 24 L. Ed. 195; *Howard v. Huron*, 6 S. D. 180, 60 N. W. 803, 26 L. R. A. 498; *Tucker v. Carr*, 20 R. I. 477, 40 Atl. 1, 78 Am. St. 893; *Royston v. Horner*, 86 Md. 249, 37 Atl. 718, 63 Am. St. 510; *Miller v. Miller*, 92 Va. 196, 23 S. E. 232; *Haltenhof v. Haltenhof*, 44 Ill. App. 135; *Smith v. Smith*, 101 Ill. App. 187; *Lewis v. Lewis*, 106 Mass. 309; *Edgerly v. Edgerly*, 112 Mass. 53; *Brown v. Brown*, 37 N. H. 536, 75 Am. Dec. 154; *Fera v. Fera*, 98 Mass. 155; *Vance v. Vance*, 17 Me. 203; *Tillison v. Tillison*, 63 Vt. 411, 22 Atl. 531. If in any case a wife may separate from her husband and at the end of the statutory period sue for a divorce on the grounds of desertion, the conduct of the husband complained of must be such as itself to constitute grounds for a divorce. *Barnett v. Barnett*, 27 Ind. App. 466, 61 N. E. 737; *Van Dyke v. Van Dyke*, 135 Pa. St. 459, 19 Atl. 1061; *Sowers' Appeal*, 89 Pa. St. 173; *Eshbach v. Eshbach*, 23 Pa. St. 343; *Laing v. Laing*, 21 N. J. Eq. 248; *Dwyer v. Dwyer*, 16 Mo. App. 422; *Fritz v. Fritz*, 138 Ill. 436, 28 N. E. 1058, 32 Am. St. 156; *Walton v. Walton*, 114 Ill. App. 116; *Lynch v. Lynch*, 33 Md. 328; *Lammertz v. Lammertz*, 59 N. J. Eq. 649, 45 Atl. 271; *Plimley v. Plimley*, 35 N. J. Eq. 18; *Stiles v. Stiles*, 52 N. J. Eq. 446, 29 Atl.

162; *Farrier v. Farrier* (N. J.), 58 Atl. 1079; *Pierce v. Pierce*, 33 Iowa 238; *Martin v. Martin*, 33 W. Va. 695, 11 S. E. 12; *Alkire v. Alkire*, 33 W. Va. 517, 11 S. E. 11; *Padelford v. Padelford*, 159 Mass. 281, 34 N. E. 336; *Pidge v. Pidge*, 3 Met. 257.

CHADWICK, J.—On or about July 20, 1907, plaintiff left her home, and a day or two later commenced an action for divorce against her husband. The grounds of her complaint were cruel and inhuman treatment and personal indignities rendering her life burdensome. The case was tried in the superior court of King county, and on the 22d day of April, 1908, a decree was entered denying plaintiff's complaint. No appeal was taken from this decree.

On July 7, 1908, she began another action against defendant, praying for a divorce, alleging in detail a number of instances of alleged cruelty and personal indignities, one of which was that "on the 17th day of July, 1907, said defendant Stay carried away and destroyed most of the plaintiff's clothing, drove the plaintiff from her home—the community property of the plaintiff and defendant Stay—saying to her: 'If you value your life, God damn you, take your clothes and leave and never come back again.' " Before issue had been joined, plaintiff filed a supplemental complaint, the preamble of which is as follows: "Sarah L. Stay for a further and additional and supplemental cause of action accruing and matured since the service and filing of the original complaint herein, complains against Andrew H. Stay," etc. In this complaint she reiterates the same charges of cruelty as a justification for her leaving her home and upon them based a charge of constructive abandonment, which charge she submits as the basis of her supplemental complaint. Defendant answered, denying specifically each of the charges of cruelty as well as the abandonment, and further charging that in fact the plaintiff had abandoned defendant. The former action was also pleaded in bar of the present action. The new

matter was denied by plaintiff in her reply, and of the plea in bar she said:

"Replying to paragraph IV of the defendant's second affirmative answer and defense herein, the plaintiff denies that her present suit for divorce is based upon the same grounds as that referred to in said paragraph, and alleges that it is founded among other things upon refusal to support the plaintiff subsequent to the termination of the said first action for divorce and upon the ground of abandonment for more than one year, accruing subsequent to the termination of said first action for divorce and prior to the service and filing of the supplemental complaint herein."

Upon this record the court entertained and granted a motion for judgment on the pleadings, and dismissed the action. This judgment we are asked to reverse.

While the assignments of error are numerous, they all go to, or depend upon, the judgment of the court that the former trial was *res judicata* of the present action. Reliance is placed upon that part of the reply wherein appellant alleges that the present action is founded, among other things, upon refusal to support the appellant subsequent to the determination of the first action, and upon the ground of abandonment for more than one year, accruing subsequently to the determination of the first action and prior to the filing of the supplemental complaint. It is also complained that the finding of the court in the first trial, that respondent had treated his wife kindly, was *obiter* and no bar to the present action.

Pleadings are not to be measured by the conclusions drawn by the pleader, but by certain fixed rules of law and practice, and when this record is so measured, the judgment of the lower court must be sustained. Appellant had brought an action for divorce upon the ground of cruelty, and her complaint was broad enough to admit proof of every fact alleged in support of her present action. She tried the first case upon her own theory, and if the evidence was sufficient, and we must presume it was, to warrant the court in finding

the respondent not guilty, the legal conclusion follows as of course that she was not justified in leaving her husband and her home. The charge of abandonment was a legal conclusion that the court rightly rejected in applying the usual test put upon pleadings when determining the plea of former adjudication. She alleges no fact that could not have been alleged in the former case, since every act of cruelty relied upon in this action had occurred prior to the time of that trial, and was, or might have been, litigated. The legal effect of appellant's present petition, when reduced to its lowest terms, is to ask the court to draw a different conclusion of law from the same facts, for it must be admitted that the same evidence would be required to sustain this suit that was adduced in the former trial.

The fact that respondent refused to support appellant subsequent to the first action cannot avail her as a present ground for divorce. Under the circumstances disclosed, he was not bound to do so. It had been judicially determined that he was not at fault and that she was. It was therefore her duty to return to her home, and there demand the support to which she would be entitled while performing her service to the community and her duty as a helpmeet to her husband. The duty of maintaining the home is put upon the husband. So long, then, as he is not at fault, a corresponding duty of living in and keeping the home is on the wife. The home is itself an invitation to her, and in the absence of a showing in the pleadings that she at least attempted to perform her duty to her spouse, as formally adjudicated, she can claim no right of support while living separate and apart from him. In fact, appellant abandoned the home, but she insists that in law the husband abandoned her; that her going was the result of his cruel treatment. Constructive abandonment depends, not upon the mere going with intent to desert the spouse as in the ordinary case, but upon conduct which makes the association no longer tolerable. The pleadings show that the husband had been guilty of no overt

act of wrongdoing before or after her going, and the conclusion reached by the trial court follows as a just conclusion of law. We do not attach any importance to the proposition that the finding of the court that respondent treated his wife kindly is dictum. It is but the converse of the finding that respondent was not guilty of cruelty, which was the only issue then before the court.

Much space is devoted by counsel in their briefs to a discussion of the proposition that a plea will not be allowed upon the ground of constructive abandonment, unless the acts of cruelty inducing the abandonment were in themselves sufficient to warrant a decree upon the ground of cruelty. This we do not feel called upon to determine in this case; for, as we have suggested, the issue is one of law and not of fact, and the only question open for the court below and for us is, was the former decree *res judicata* when considered in the light of the facts disclosed by the pleadings. We decide that it was.

Judgment affirmed.

RUDKIN, C. J., GOSE, and FULLERTON, JJ., concur.

MORRIS, J., took no part.