[No. 8831.   Department Two.   August 25, 1910.]

ANDREW H. STAY, *Respondent*, v. SARAH L. STAY, *Appellant*.[1]

CONVERSION — COMMUNITY PROPERTY — CONDEMNATION—JUDGMENT FOR DAMAGES. A judgment for damages upon the condemnation of community property is not deemed real property upon the doctrine of equitable conversion, in a controversy between the husband and wife living separate and apart, but is personal property, subject to the control and management of the husband.

DIVORCE—DISMISSAL ON MERITS—RES JUDICATA. Where a wife was living separate and apart from her husband, after her action for a divorce had been denied on the merits, and their community property was condemned, she cannot, in the condemnation suit, seek the adjudication of her community rights or her right to separate maintenance, as she is bound by the former adjudication that she is not justifiably living separate and apart from her husband.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 26, 1910, upon the pleadings, in a contest over the proceeds of an award in condemnation proceedings. Affirmed.

[1]Reported in 110 Pac. 549.

*Holzheimer, Herald & Holzheimer,* for appellant.

*Douglas, Lane & Douglas,* for respondent.

Crow, J.—The city of Seattle commenced this action in the superior court of King county, to condemn, for street purposes, certain real estate, as the community property of Andrew H. Stay and Sarah L. Stay, his wife. The jury awarded $3,500 damages for the property taken, and judgment was entered against the city on July 13, 1908, for that sum. Sarah L. Stay, then living separate and apart from her husband, and claiming a community interest in the judgment, filed in the condemnation action a notice to the clerk of the superior court directing him not to permit a satisfaction of the judgment by her husband. On October 30, 1909, Andrew H. Stay, being unable to collect or satisfy the judgment, filed against his wife Sarah L. Stay in the condemnation action, his petition in interpleader, in which he alleged the condemnation, the appearance of the community by attorneys employed by him, the award and judgment for damages, the filing of the notice by Sarah L. Stay; that a special assessment of $850 had been levied by the city against the portion of their property not taken; that the award was needed by him to satisfy such assessment and to pay other indebtedness; and further alleged:

"That prior to the rendition of said judgment the respondent Sarah L. Stay commenced an action against this respondent in the superior court of King county, Washington, for a divorce, being cause No. 56,911, and that upon the trial of said cause a decree of divorce was on the 6th day of April, 1908, denied on the merits; that after the rendition of said judgment in this cause said respondent Sarah L. Stay again commenced an action in the superior court of King county, Washington, for a divorce on the same grounds as in her first suit, and in said suit restrained the collection of said judgment, being cause No. 61,966 in said court; that in said cause judgment was rendered in said cause against the respondent Sarah L. Stay upon the pleadings on November 2, 1908; that said respondent gave a supersedeas bond and ap-

pealed to the supreme court of the State of Washington, in which court said judgment was affirmed."

To this petition, Sarah L. Stay, on December 9, 1909, interposed an answer, in which, without denying any of its material allegations, she affirmatively alleged that for more than two years she had necessarily and justifiably lived separate and apart from her husband, that she had maintained and supported herself, and that he intended to collect and appropriate the judgment to his own use and exclude her from its benefits. On these pleadings, judgment was on motion entered in favor of the husband, authorizing him to collect and satisfy the judgment. The defendant Sarah L. Stay has appealed.

Appellant, invoking the doctrine of equitable conversion, contends that, by reason of the involuntary alienation of the community property in the condemnation proceeding, the judgment for damages should be regarded as community real property, and that she should be entitled to have her rights to such community reality adjudicated and protected herein. We think the award of damages for which the judgment has been entered should be regarded as personal property. Had the city without authority, right, or license seized, trespassed upon, or injured the community realty, and had the husband and wife prosecuted to judgment, an action for the recovery of damages on account of any resulting injury to the property, or on account of its impairment in value, a judgment for such damages, when entered, would undoubtedly be personal property. Such a judgment could be collected and satisfied by the husband, who, under section 5917, Rem. & Bal. Code, would be entitled to its management and control with power of alienation. We see no reason why the judgment in this condemnation proceeding is not likewise community personal property.

Appellant, however, insists, that as one of the spouses of the existing community, she while living apart from her husband, is entitled to have her property rights adjudicated and

protected, by an order entered in this action.  If, as she contends, she is necessarily and justifiably living separate and apart from her husband, on account of his wrongful acts, it is apparent that she could have all property rights to which she is entitled, or the matter of her separate maintenance determined, adjudicated and settled in an action for divorce, or in one for separate maintenance.  If, as alleged, her husband intended to appropriate the judgment to his own use and deprive her of her community rights therein, she could prevent such wrongful acts on his part by invoking the equitable powers of the court in an action for divorce or separate maintenance.  The allegations of her answer, if true, would, in a proper action and in the absence of any former adjudication, entitle her to a decree of divorce and a proper disposition of the community and separate property.  It appears from the pleadings, however, that it has heretofore been adjudicated, in an action for divorce instituted by her, that she is not rightfully and necessarily living separate and apart from her husband, and that she is not entitled to a decree of divorce.  The opinion of this court on the appeal pleaded by her husband is reported in *Stay v. Stay*, 53 Wash. 534, 102 Pac. 420.  She cannot, in this condemnation proceeding, relieve herself from the effect of such former adjudication by formulating and tendering issues which should be tendered in an action for divorce or for separate maintenance, nor can she by any such procedure prevent her husband from exercising his legal right to collect and satisfy the judgment herein.

The judgment is affirmed.

RUDKIN, C. J., PARKER, and MOUNT, JJ., concur.