[No. 11682.   Department One.   June 29, 1914.]

Sarah Averbuch, *Respondent*, v. Mores Averbuch,
*Appellant*.[1]

Judgments—Bar—Denial of Divorce—Matters Concluded. The denial of a divorce being final and conclusive upon all questions which were or might have been litigated, in a subsequent action for a divorce brought by the plaintiff upon the same grounds, the testimony should be limited to the conduct of the defendant subsequent to the entry of the former judgment.

Divorce—Cruelty—Evidence—Sufficiency. In an action for divorce, findings of cruelty on the part of the husband are not warranted, where, by a former judgment denying the wife a divorce, it was determined that she was the one at fault, and that she had left her home without just cause, and since the entry of the former judgment there was no conduct of the husband amounting to cruelty, the wife testifying that she would not live with him under any circumstances.

Judgment — Res Judicata — Pleading — Waiver. Where, in a former action, a divorce on the ground of cruelty was denied the plaintiff, defendant's plea of *res judicata* is not waived by alleging affirmatively that the plaintiff had been having clandestine meetings with one H. and that her affection for him was the sole cause of her leaving home, which was in accordance with the findings in the former trial.

Appeal from a judgment of the superior court for King county, Humphries, J., entered June 20, 1913, upon findings in favor of the plaintiff, in an action for divorce. Reversed.

*Miller & Lysons*, for appellant.

*Jay C. Allen* and *Herbert E. Snook*, for respondent.

Gose, J.—This is an action for divorce. There was a judgment for the plaintiff. The defendant has appealed.

The history of the case is this: On the 15th day of April, 1912, the plaintiff commenced an action of divorce against the defendant, alleging cruel treatment. Issue was joined,

[1] Reported in 141 Pac. 701.

the case tried, and on the 28th day of October, 1912, a judgment was entered in the superior court of King county, Judge Albertson presiding, denying a divorce. In harmony with an affirmative allegation in the answer in that action, the court found, "That for many months prior to the commencement of this action the said plaintiff, disregarding her duties and obligations to the defendant, her husband, has wilfully and wrongfully met and associated with one Max Hyman, at public places and on public highways and thoroughfares in the city of Seattle." While that action was pending and on the 18th day of October, 1912, the appellant commenced an action against Hyman to recover damages resulting from the alienation of the affections of his (the appellant's) wife. Issue was joined in that action, and the case was tried, resulting in a verdict and judgment in favor of the appellant for the sum of $500.

On the first day of November, 1912, this action was commenced. On March 15, 1913, an amended complaint was filed. It alleges, that the appellant and the respondent have not lived together since April 15, 1912; that the appellant has contributed nothing to the support of the respondent for more than three months last past, and that he has been guilty of cruel treatment toward the respondent "for more than two years last past." Appellant pleaded the former judgment, after denying the alleged cruel treatment. During the progress of the trial, the respondent amended her complaint by adding an allegation to the effect that, since the trial of the former action, the appellant has failed and refused to provide her with a home, except that he informed her that she might return to her former home if she desired; that the former home was near the place of business of Max Hyman; that the respondent offered to return to the appellant if he would provide some suitable place in some other portion of the city away from said Hyman, and that, since the former trial, the appellant has treated the plaintiff cruelly, has called her vile

names, and applied epithets to her reflecting upon her chastity. These allegations were also denied.

The court found, that the appellant had been guilty of cruel treatment toward the respondent both before and subsequent to the entry of the judgment in the first action; that the respondent has been willing to return to and live with the appellant if he would treat her kindly and not compel her to reside in near proximity to Hyman; and that, since the former trial, the appellant has not contributed to the support of the respondent.

It is elementary law that, in divorce actions, as in all others, a judgment is final and conclusive upon all questions which were or might have been litigated. *Stay v. Stay*, 53 Wash. 534, 102 Pac. 420; *Ford v. Ford*, 25 Okl. 785, 108 Pac. 366, 27 L. R. A. (N. S.) 856; *People ex rel. v. Case*, 241 Ill. 279, 89 N. E. 638, 25 L. R. A. 578; *Wilkins v. Wilkins*, 84 Neb. 206, 120 N. W. 907, 133 Am. St. 618; *Peterson v. Peterson*, 68 Minn. 71, 70 N. W. 865; *Wagner v. Wagner*, 36 Minn. 239, 30 N. W. 766; *Brown v. Brown*, 37 N. H. 536, 75 Am. Dec. 154; Nelson, Divorce & Separation, § 555; 2 Van Fleet, Former Adjudication, pp. 712-13; 1 Freeman, Judgments (4th ed.), § 313.

The respondent argues that, because in divorce actions an act once condoned may be re-examined in case of subsequent misconduct, the same principle applies to a judgment. The difference is this: Condonation is forgiveness with an implied condition that the injury shall not be repeated, and on breach of this condition the right to a remedy for former injuries revives (Greenleaf, Evidence, 14th ed., § 53); whereas, the rule with respect to judgments is that a case once decided is finally decided, subject only to the right of review in some method prescribed by law.

The court should have limited the testimony to the acts and conduct of the appellant subsequent to the entry of the former judgment. This he did not do, but, on the contrary, permitted the case to be tried as though there had never been a

former trial. The findings of the court as to the misconduct of the appellant subsequent to the entry of the former judgment cannot be sustained. Indeed, it may be confidently asserted that there is nothing which rises to the stature of evidence to sustain them. The former judgment determined that the respondent was the wrongdoer, and in effect, that she left her home on the 15th day of April, 1912, wrongfully and without just cause or excuse. In the *Stay* case, we said, "the home is itself an invitation" to the wife; that, where a wife leaves home without just cause or excuse, it is her duty to return; that the duty of maintaining the home is put upon the husband, and that, so long as he is not at fault, the corresponding duty of living in and keeping the home is on the wife, and that it is not the duty of the husband who is without fault to support the wife while she wrongfully remains away from home. The respondent testified that she would not live with her husband under any condition. The testimony of a disinterested witness shows that the respondent stated to him that she would not live with her husband because, she said, as he stated, "I have got somebody else to like now." A witness also testified that the respondent said after the trial of the Hyman suit, "My husband wins the $500, and Max wins his wife." A witness testified in behalf of the respondent that the appellant said of his wife since the former trial, "She runs just like she runs to her lover." This is far from showing cruelty when measured by the finding of the court in the first trial.

It is contended, (a) that the former judgment was not properly pleaded, and (b) that the defense of *res judicata* was waived by a plea of new matter and the introduction of testimony *aliunde* the record. Neither of these contentions is tenable. It is true that, in addition to the plea of *res judicata*, the appellant alleged affirmatively that the respondent had been in the habit of having clandestine meetings with Max Hyman, and that her affection for Hyman was the sole cause of her leaving home. This plea was in harmony with

the finding made by Judge Albertson on the first trial, and
is not a waiver of the plea of *res judicata*.

It is needless to further consider the case. Practically every
question before the trial court had been decided adversely to
the contentions of the respondent in the *Stay* case before the
last trial of this case. Taking the former judgment as an
initial point, the respondent showed no ground for divorce.

The judgment is reversed, with directions to dismiss the ac-
tion. The appellant will recover costs.

CROW, C. J., MAIN, ELLIS, and CHADWICK, JJ., concur.