[No. 11562. Department One. September 15, 1914.]

ZORA E. LOEPER, *Appellant*, v. WILLIAM F. LOEPER *et al.*, *Respondents*.[1]

HUSBAND AND WIFE—SEPARATE MAINTENANCE—GROUNDS. To maintain an action for separate maintenance, it is necessary for plaintiff to show an abandonment without cause, or facts which in law constitute an abandonment, and that, having the ability so to do, the husband neglected or refused to support her.

DIVORCE—JUDGMENT—RES JUDICATA—MATTERS CONCLUDED. A judgment in an action for separate maintenance is *res judicata* in a subsequent action for divorce on the grounds of nonsupport, cruelty, and abandonment, as to all matters occurring before its rendition, where the judgment dismissing the former action showed that defendant had the ability to support his wife, certain real estate being decreed to be his separate property, and necessarily determined that he had not abandoned the plaintiff, and that she was at fault in living apart from him; since all matters alleged in the divorce action were, or might have been, alleged and litigated in the former action.

'Reported in 142 Pac. 1138.

JUDGMENT—EVIDENCE—RES JUDICATA. It is competent ·to prove, in an action for divorce, that the court, upon a former trial of an action by the same plaintiff for separate maintenance, announced before the rendition of judgment, that the evidence clearly showed that plaintiff left her home without cause, the question of abandonment being in issue in the divorce case and the defendant pleading the former judgment as *res judicata.*

DIVORCE—JUDGMENT—MATTERS CONCLUDED. Where the cause of action in a suit for separate maintenance is the same as that in a subsequent action for divorce, the conclusive effect of a judgment on the merits in the former action is not affected by the joinder of the husband's daughter as a party defendant, on the alleged ground that he had conveyed his property to the daughter in order to defraud the plaintiff.

Appeal from a judgment of the superior court for Spokane county, Miller, J., entered March 6, 1913, dismissing an action for divorce, after a trial to the court. Affirmed.

*John M. Gleeson,* for appellant.

*Danson, Williams & Danson (Geo. D. Lantz,* of counsel), for respondents.

GOSE, J.—On the 27th day of March, 1908, the plaintiff commenced a suit against her husband, the defendant W. F. Loeper, for separate maintenance. She alleged that "without fault on her part" she was compelled to leave the home of the defendant on the 15th day of November, 1906, and that she thereafter maintained herself. She alleged further that she left her home and lived separate and apart from her husband (a) because of his cruelty and the cruelty of his children by a former wife, who lived in the family domicile; (b) because he continued to harass and slander her thereafter, telling her employer that she was a woman of bad character and that she frequented immoral places. The defendant traversed the charges of cruelty, and alleged that the plaintiff, on the date alleged in her complaint, "abandoned and deserted the defendant without cause." After the cause had been tried, a judgment was entered on the 9th day of April, 1908, which, among other things, recites:

"That plaintiff Zora Loeper is entitled to none of the re-
lief as demanded in her amended complaint herein, and that
said action is hereby dismissed."

On the 5th day of July, 1912, she commenced this action
for a divorce from her husband, on three grounds, (1) failure
to support; (2) cruelty both before and after the separation
in November, 1906, and (3) abandonment. She made Emma
Loeper, a daughter of the defendant, a party, alleging that
the husband had conveyed his property to her for the pur-
pose of defrauding the plaintiff. The defendant husband
traversed the charges of wrongdoing on his part, and pleaded
the former judgment as a bar to the action. He also alleged
that all the matters and things alleged in the complaint were
or could have been alleged, and were or could have been liti-
gated, in the former action. It seems to be conceded that
the plaintiff has lived apart from her husband since the 15th
day of November, 1906. The court held that the judgment
in the former suit was *res judicata* as to all matters occurring
before its rendition, and directed counsel to submit their tes-
timony as to matters occurring subsequently to the rendition
of the judgment. This they declined to do, and the action
was dismissed. The appeal followed.

The appeal presents a single question, viz., is the judg-
ment in the suit for separate maintenance *res judicata* as
to all matters alleged in the complaint occurring prior to
its rendition. In *Schonborn v. Schonborn*, 27 Wash. 421, 67
Pac. 987, an action for separate maintenance, the court said:

"To maintain the action it is sufficient for the complaint
and the facts to show an abandonment without cause, and
a neglect or refusal on the part of the husband, having
ability, to support his wife, or such neglect as amounts to
refusal. *Kimble v. Kimble*, 17 Wash. 75 (49 Pac. 216)."

This excerpt is quoted with approval in *Herrett v. Herrett*,
60 Wash. 607, 111 Pac. 867. The principle was first an-
nounced in *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216,
where it was held that a wife who had been abandoned by her

husband without cause could maintain an action in equity
for separate maintenance independently of an action for di-
vorce.   Under these authorities it was necessary for the ap-
pellant in the first suit to show, (a) that her husband had
abandoned her without cause, or that she was compelled to
live apart from him because of conduct upon his part which
in law constituted an abandonment; and (b) that having the
ability to support her, he neglected or refused so to do.   The
judgment roll in the first suit shows that he had the ability
to support her, as certain real estate was decreed to be his
separate property.   It is not claimed that he has supported
her since she left her home.   The judgment necessarily de-
termined that the respondent husband had not abandoned
the appellant, and that she was at fault in living apart from
him.   Indeed, it was proven at the trial of this case that the
court, after the first trial, announced from the bench before
the rendition of the judgment, that the clear preponderance
of the evidence showed that the appellant left her home with-
out cause.   This evidence was objected to and is assigned as
error, but we think it was competent.

The whole theory of the doctrine of *res judicata* is that a
question once decided by a court of competent jurisdiction
having jurisdiction of the parties is finally decided, until
reversed upon appeal or otherwise set aside in some lawful
way.   *Averbuch v. Averbuch*, 80 Wash. 257, 141 Pac. 701;
*Perlus v. Silver*, 71 Wash. 338, 128 Pac. 661; *Stay v. Stay*,
53 Wash. 534, 102 Pac. 420; *Bruce v. Foley*, 18 Wash. 96,
50 Pac. 935; *Harding v. Harding*, 198 U. S. 317; *Kalisch
v. Kalisch*, 9 Wis. 482; *Hoag v. Hoag*, 210 Mass. 94, 96
N. E. 49, 36 L. R. A. (N. S.) 329.

In *Perlus v. Silver*, we said:

"It is the settled law in this state that in an action between
the same parties a judgment therein is *res judicata* as to all
points in issue and also as to all points that might have been
raised and adjudicated in such action;"

citing numerous authorities. In *Stay v. Stay*, the same
principle was announced, the court saying:

"She alleges no fact that could not have been alleged in
the former case, since every act of cruelty relied upon in
this action had occurred prior to the time of that trial and
was or might have been litigated."

. Speaking to the same point in the *Averbuch* case, we said:

"It is elementary law that in divorce actions as in all others
a judgment is final and conclusive upon all questions which
were or might have been litigated;"

citing many authorities. It is not material that the form of
the action be the same if the merits were tried in the first
action. *In re Clifford*, 37 Wash. 460, 79 Pac. 1001, 107 Am.
St. 819.

*Schoennauer v. Schoennauer*, 77 Wash. 132, 137 Pac. 325,
cited by the appellant, does not announce a different rule.
In the *Harding* case, the wife brought suit in the state of
Illinois on February 3, 1890, for separate maintenance. The
bill charged that the wife, without her fault, in consequence
of her husband's cruel treatment, had been obliged to live
apart from him. The decree recited that the wife, at the time
of and since the commencement of the action, had lived sepa-
rate and apart from her husband without her fault, and al-
lowance was made for her separate maintenance. Subse-
quently the husband commenced an action against his wife
for divorce, in the state of California. He alleged that the
wife had wilfully deserted him in the month of February,
1890. The judgment rendered in Illinois was held *res
judicata*. In the *Kalisch* case, the husband sued for a di-
vorce on the ground that, on the first of September, 1856,
his wife wilfully deserted him. She answered that, on the 22d
day of September, 1856, she filed her petition for alimony
in the court of common pleas of Hamilton county, Ohio, in
which she charged that her husband had abandoned her and
that she had separated from him in consequence of his ill
treatment of her; that upon issue joined and a trial, the court

found that the husband had abandoned her without cause and that a separation had taken place in consequence of his ill treatment, and decreed that he should pay her alimony. It was held that the judgment was a bar to the action. In the course of the opinion, the court said:

"It was contended by the counsel for the appellant that the judgment in the Ohio suit ought not to be a bar to this action, because the object of the former and present suit was different. . . . In both cases the ground or foundation of the action is the same, namely, desertion on the part of the defending party. In the proceeding for alimony the wife set up that her husband had abandoned her without cause; it was essential for her to sustain this allegation in order for her to obtain alimony."

The introduction of Emma Loeper as a party defendant, upon the allegation that she is holding property in fraud of the appellant's rights, does not change the rule. Where the cause of action in the two suits is the same, and the party sought to be estopped was a party to the former suit, and the case was decided on the merits, the introduction of a new party does not defeat the estoppel. 23 Cyc. 1112, 1113.

The appellant argues that the case at bar does not fall within the general doctrine of *res judicata*, because (1) an action for separate maintenance is one of equitable cognizance, and (b) the only relief that can be awarded in a suit for separate maintenance is a judgment for a sum certain to be paid at fixed periods of time. Conceding both premises, the conclusion does not follow. An action for separate maintenance is a civil action springing from equitable principles. An action for a divorce is a civil action based upon a statute. While there may be several grounds for either action, there can be but one cause of action, which cannot be split. For illustration, while the statute contains a number of grounds for divorce, a wife conceiving herself entitled to divorce on two or more grounds would not be permitted to pursue them separately, but would be deemed to have waived all grounds

not urged in the first action. *Umlauf v. Umlauf*, 117 Ill. 580, 6 N. E. 455, and *Watts v. Watts*, 160 Mass. 464, 36 N. E. 479, 39 Am. St. 509, 23 L. R. A. 187, have been cited by the appellant to the point that the former judgment is not *res judicata*. While they in a measure sustain her contention, they are not in harmony with the views expressed in the *Schonborn, Herrett, Stay, Perlus,* and *Averbuch* cases.

The appellant has also cited a line of cases which hold that one who has mistaken his remedy in one action is not estopped to maintain a later action upon a correct theory. We so held in *Egbers v. Fischer*, 73 Wash. 308, 131 Pac. 1128, where we said:

"In truth what the respondent did in the former action was to pursue a remedy which he did not have, and this does not bar an action upon a proper remedy."

She has also cited cases which hold that an action prematurely brought does not bar the commencement of a new action when the cause of action has matured. The inappositeness of such cases is too apparent to merit comment.

The judgment is affirmed.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.