[No. 32315. Department Two. April 2, 1953.]

HAROLD P. ANDERSON, *Appellant*, v. HELEN ANDERSON, *Respondent*.[1]

*Warren Hardy*, for appellant.

*Lundin & Barto*, for respondent.

SCHWELLENBACH, J.—Mr. Anderson sued for divorce. His wife cross-complained for separate maintenance. The trial court denied the divorce to the husband and granted separate maintenance to the wife. This appeal follows.

The parties were married in Aberdeen, South Dakota, February 2, 1935. Three children were born to them: Ardyce, age sixteen; Walter, age thirteen; and Douglas, age ten.

The husband's testimony was: that they had separated first in 1941, before moving to Seattle, and that the separation lasted two or three months; that the wife had a violent temper; that at one time she hit him with a broom, breaking his wrist watch; that another time she hit him with a shoe; that at one time she pushed him outdoors and locked the door, forcing him to sleep in the basement; that her treatment became unbearable, and he left home in March. 1951. The testimony seems to indicate that the wife hit him with a shoe some time between 1941 and the fall of 1950.

[1]Reported in 255 P. (2d) 373.

The other assaults occurred after that time and after he had commenced drinking.

The wife testified: that the previous separation was caused by his association with another girl, but that that was all straightened out; that, after moving to Seattle, he was treasurer of his church, a cub scout leader and a member of the scout committee; that he was "the most respected man in the community." Then, in the fall of 1950, he became enamored of another woman. (Apparently he was "one of the roving kind.") He neglected his family, leaving his wife and boy at a lot where they were picking out a Christmas tree, and did not return until after New Years. He failed to remember the children at Christmas time in 1950 or on their birthdays in 1951. He started to drink and ceased his church and scouting activities. We will not relate the details concerning his "friendship" with the other lady, but an examination of the record convinces us that the trial court's findings and conclusions were not based upon mere suspicion, but upon facts.

The wife frankly admitted that she had a temper and that she occasionally lost her temper between 1941 and 1950. However, none of these incidents caused any separation. They would quarrel about something and it would be patched up. It was not until the fall of 1950, when he met the lady, that he thought about leaving his family.

Appellant complains that, when the wife was recalled as a witness, the trial court asked her some leading questions. It must be remembered that the court was confronted with a very serious problem, and that it was necessary to obtain all of the facts in order to arrive at a proper decision.

Appellant relies upon the case of *Fruehauf v. Fruehauf*, 25 Wn. (2d) 232, 170 P. (2d) 309, wherein the wife commenced an action for separate maintenance and the husband cross-complained for divorce. The trial court granted separate maintenance to the wife. In reversing the decree, we found from the evidence that during the thirty-one years of their married life the husband had not been guilty of any act which would have warranted censure by his wife; that

she was extremely jealous, and that she constantly, *without justification*, had accused him of infidelity; that he had remained with his wife until the children were married (although for six years prior to the commencement of the action, after she had struck him with a shoe, they had slept in separate beds and discontinued cohabiting with each other); and that then, being unable to longer endure her cruelty, he had decided to leave. We held in that case that statutory grounds for divorce existed.

In divorce cases, trial courts are quite often faced with a situation similar to this. Either one or both of the parties may have a temper. They may sometimes quarrel rather violently, but these quarrels are never serious enough to cause a separation. Finally, for some reason or other, they come to a parting of the ways. It is then that one or both will resurrect all of these past episodes and parade them, one by one, before the court in such a manner as to create the impression that each of the parties had suffered silently and uncomplainingly for years because of the extreme cruelty of the other. It requires great patience and discernment to sift over all of the conflicting testimony and decide who is at fault. In cases of this kind, the trial judge, having the parties and their witnesses before him, observing their tensions and demeanor, is much better able to arrive at a proper solution than are we, who have only the printed word.

Granting that respondent had a temper which flared up rather violently at times, we are satisfied that appellant never suffered therefrom, or that he ever considered her actions as cruelty. It was not his wife's temper and actions which drove him into the other lady's arms. As we view the evidence, he went there entirely of his own volition. That constituted abandonment and entitled the wife to separate maintenance.

The support payments under the separate maintenance judgment are somewhat severe. However, appellant's first duty is to his wife and to the children they brought into the world. The amount of the payments will not be disturbed.

The judgment is affirmed.

GRADY, C. J., HAMLEY, DONWORTH, and FINLEY, JJ., concur.