LILES, Chief Judge.
Plaintiff wife appeals from a judgment awarding defendant a divorce on his counterclaim in an action where plaintiff had sued for separate maintenance.
Prior to the present action, the husband had sued the wife for a divorce and the wife counterclaimed for separate maintenance. Both parties’ claims were dismissed with prejudice on January 19, 1968. The present suit was instituted on March 29, 1968, and the final hearing was held on May 21, 1968, before a different judge than the one that had heard the prior suit. The final decree under appeal was ren *166 dered on May 27, 1968. The ground alleged in both the former and the present actions was extreme cruelty. See Fla.Stat. § 61.041(4) (1967), F.S.A.
In the trial of this action plaintiff wife sued for separate maintenance, limiting her testimony to incidents that occurred subsequent to the prior judgment. Defendant, however, over objection, was allowed to present evidence concerning incidents which occurred both prior to and subsequent to the former judgment. Plaintiff has appealed and alleges that the admission of evidence of actions prior to the former judgment was error because such actions were determined in the prior decree to be without merit and were thus barred by the doctrine of res judicata. Plaintiff also appeals the denial of her separate maintenance action, alleging that there was insufficient evidence for the judge’s denial.
As to plaintiff’s first point, concerning evidence which took place prior to January 19, 1968, there are no Florida cases directly on point. The law in other jurisdictions is well settled, however, as reflected in the following passage from American Jurisprudence:
“If the cause of action involved in the action which was dismissed is the same as that involved in the second action, the dismissal operates as a bar to the second action. Thus, a decree in an action of divorce on the ground of cruelty bars a re-examination of the same facts in a subsequent case by the same party on the same ground. It is only when enough has occurred since the rendition of the first decree to entitle the plaintiff to relief that a divorce will he granted in the subsequent proceeding.” [Emphasis supplied.] 24 Am.Jur.2d Divorce and Separation § 509 (1966).
And our review of the cases cited for this proposition reveals that they adequately support the editor’s statement.
Specifically, the case of Averbuch v. Av-erbuch, 1914, 80 Wash. 257, 141 P. 701, with facts essentially the same as those presently before this court, held that res judicata does bar testimony regarding events which took place prior to the earlier judgment.
“The court should have limited the testimony to the acts and conduct of the appellant subsequent to the entry of the former judgment. This he did not do, but on the contrary permitted the case to be tried as though there had never been a former trial.” 141 P. at 702.
The court went on to hold that the trial judge’s finding that there was sufficient evidence of cruel treatment subsequent to the former judgment was not supported by sufficient evidence.
The reason new divorce actions cannot include a review of evidence of events taking place prior to an earlier judgment with regard to the same issue is the same reason that applies to the doctrine of res judicata generally. Thus, a subsequent trial of the same facts will not be allowed because the issue was once finally determined. This “is founded upon the sound proposition that there should be an end to litigation and that in the interest of the State every justiciable controversy should be settled in one action * * Gordon v. Gordon, Fla. 1952, 59 So.2d 40, cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 630.
Furthermore, as recognized in People ex rel. Healy v. Case, 1909, 241 Ill. 279, 89 N.E. 638, 25 L.R.A.,N.S., 578, a second divorce action based upon the same grounds as alleged in the former action, which includes a review of events taking place prior to the disposition of the former action, would simply amount to a retrial of the previously adjudicated facts. In this manner the plaintiff could bring repeated suits whenever the slightest new evidence presented itself in the hope that a different judge might review the former evidence and reach a result opposite that of the first judge. This would amount to “judge shop *167 ping” and will not be condoned in the courts of this state. Rather, the judge in the later action is only permitted to decide if evidence subsequent to the former judgment is sufficient to support the alleged grounds for divorce.
Defendant argues that testimony of events prior to and subsequent to such former judgment should be allowed because the ground of extreme cruelty accrues to the complaining spouse after certain evidence has accumulated. He argues that this former evidence constitutes proper evidence for a later suit for divorce on the ground of mental cruelty if, when viewed in conjunction with later evidence, it is sufficient to constitute the grounds for divorce. He would have us give the evidence a cumulative effect. This we cannot do because the prior evidence has been laid to rest by the former adjudication of the same grounds for divorce. In Ford v. Ford, 1910, 25 Okl. 785, 108 P. 366, 27 L.R.A.,N.S., 856, the court expressly answered this argument contrary to defendant’s position. There the court crys-talized the position which we now adopt as the rule in Florida. Thus this case must be remanded for a new trial with regard to defendant’s counterclaim for divorce on the ground of extreme cruelty, and testimony concerning this ground must be limited to events occurring subsequent to the previous final judgment.
We hasten to point out that the result of this decision will not prevent one who has unsuccessfully sought a divorce on given grounds from again seeking a divorce on those same grounds if it can be proven that those grounds indeed exist. The fact those grounds did not exist at the time of the former suit does not mean that they may not have arisen since that time. Evidence of these new grounds, however, cannot include evidence which was available to be put in issue at the former trial. This does not prevent one spouse from ultimately obtaining a divorce if the other spouse refused to resume his or her marital obligations subsequent to the prior denial of a divorce. In fact the very refusal to resume one’s marital duties subsequent to a prior judgment may in itself constitute valid evidence of new grounds for divorce. See, e. g., Sovereign v. Sovereign, 1958, 354 Midi. 150, 92 N.W.2d 600.
As for plaintiff’s other point on appeal, our review of the record discloses that there was sufficient evidence to sustain the trial judge’s denial of separate maintenance.
Reversed and remanded for a new trial on defendant’s counterclaim for divorce.
McNULTY, J., concurs.
PIERCE, J., dissents.