PEARSON, Judge.
William Etheridge, the plaintiff in the trial court, appeals a final judgment based upon a jury verdict which awarded him $7,500 in damages after the trial of a negligence cause. On this appeal, he urges re *644 versal of the judgment on two grounds: (1) that the court erred in denying his motion for a new trial because it was made to appear by his motion and exhibit thereto, together with an affidavit of the plaintiff, that the jury rendered a quotient verdict, and (2) that the court erred in denying plaintiff’s post-trial motion for permission to interview the jurors. This latter motion was made pursuant to Canon 7 of the Florida Code of Professional Responsibility.[1]
Concerning appellant’s first point, we hold that the motion, affidavit and exhibit are insufficient in themselves to establish error upon the trial court’s denial of plaintiff’s motion for a new trial. See Jackson Grain Co. v. Hoskins, Fla.1954, 75 So.2d 306; Pix Shoes of Miami, Inc. v. Howarth, Fla.App.1967, 201 So.2d 80.
The real issue in this appeal arises from the trial court’s denial of plaintiff’s motion for permission to question the jurors regarding the method used in arriving at a verdict. In this case where comparative negligence was found to be applicable, the record shows that the jury assessed plaintiff’s damages at $15,000. The jury further found that both the plaintiff and defendant were guilty of negligence which was the legal cause of the accident and that each was fifty percent negligent. In accordance with this verdict, final judgment was entered for the plaintiff and against the defendant in the amount of $7,500. Plaintiff discovered and filed with the court a sheet of paper bearing handwritten notes indicating a careful analysis of the evidence and showing on the bottom portion thereof the names of the jurors with various amounts set forth opposite their names. These amounts were totaled and divided by six' showing a quotient of $14,000. Plaintiff’s affidavit showed that the sheet of paper was discovered in the jury room after the discharge of the jury.
The question, therefore, becomes whether these facts were sufficient to show an abuse of discretion by the trial court upon the denial of the motion for permission to interview the jurors. Cf. Mike Bradford & Co. v. Gulf States Steel Co., FIa.App.1966, 184 So.2d 911 at 915.
While we are convinced that it would have been wiser for the trial judge to have allowed an interview with one or more of the discharged jurors subject to conditions and directions that the trial judge might have set, we are still unable to hold that the denial of the motion under the circumstances of this case constituted reversible error. The exhibit containing the names of the jurors simply shows action by the jury to determine the approximate amount for which damages would be found. This view of the exhibit is strongly reinforced by the fact that the quotient amount differed by $1,000 from, the amount of the damages actually found in the verdict. Under these circumstances, it was a matter for the exercise of the trial judge’s discretion as to whether it was necessary to pursue the matter further. See Stager v. Florida East Coast Railway Company, Fla.App.1964, 163 So.2d 15.
In our view, the process of the jurors in determining an amount of damages differ *645 ent from the quotient, which was procured by an irregular procedure, cured the use of averaging the estimates of damages. The trial judge, being familiar with the trial of the case, of the evidence submitted, the length of time during which the jury deliberated, and other factors contributing to the verdict, was within the area of his discretion when he determined that the matter should not be pursued further. See Telford v. Telford, Fla.App.1969, 225 So.2d 165.
Affirmed.

. Canon 7, Florida Code of Professional Responsibility is in pertinent part, as follows:
“Both before and during the trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. Subject to any limitations imposed by law it is a lawyer’s right, after the jury has been discharged, to interview the jurors solely to determine whether their verdict is subject to any legal challenge provided he has reason to believe that ground for such challenge may exist, and further provided that prior to any such interview made by him or under his direction, he shall file in the cause, and deliver a copy to the trial judge and opposing counsel, a notice of intention to interview such juror or jurors setting forth in such notice the name of each such juror. The scope of the interview should be restricted and caution should be used to avoid embarrassment to any juror and to avoid influencing his action in any subsequent jury service.” 32 F.S.A., Prof.Resp. EC 7-29.