PER CURIAM.
Florida East Coast Railway Company, the defendant below, appeals from a judgment entered against it for the wrongful death of a child struck by a train at a railway crossing.
The Railway first contends that the trial court erred in failing to direct a verdict in its favor. From our review of the voluminous record in this case, it appears that the evidence would support a verdict in favor of the Railway. However this is not the standard by which a motion for directed verdict is judged. Badgen v. Brady, 103 So.2d 672 (Fla. 1st DCA 1958). In the present case we cannot say that there was no evidence upon which the jury could lawfully find for the plaintiff. Brookbank v. Mathieu, 152 So.2d 526 (Fla.3d DCA 1963). We hold that the trial court correctly denied the Railway’s motion for directed verdict.
Next, the Railway contends that the trial court erred in not granting its motion for new trial or alternatively its motion for entry of a remittitur because of the clear and convincing evidence of negligence on the part of the plaintiff’s decedent. Again although the evidence would support a finding that the deceased child was negligent, we cannot say that the jury could not lawfully have reached a contrary conclusion. We hold that the trial court correctly denied the Railway’s motion for new trial.
The Railway also contends that the trial court erred in failing to submit special jury interrogatories on the question of comparative negligence. It does not appear *123 from the record that the Railway requested submission of special jury interrogatories on the percentage of fault between the Railway and plaintiff’s decedent. In the absence of such a request we cannot say that the trial court abused its discretion. Florida East Coast Ry. Co. v. Lawrence, 328 So.2d 249 (Fla. 4th DCA 1976).
Lastly, the Railway contends that the trial court erred in refusing to permit its counsel to interview the members of the jury after the trial. While it would have been proper for the trial judge to have allowed an interview with the discharged jurors, we cannot say that his denial of the motion under the circumstances of this case constituted reversible error. Etheridge v. Firemen’s Fund Insurance Co., 319 So.2d 643 (Fla. 3d DCA 1975).
AFFIRMED.
DOWNEY and ALDERMAN, JJ„ and PARHAM, HARRY C., Associate Judge, concur.