ALDERMAN, Chief Judge.
This appeal comes to us from a directed verdict in favor of the defendant, whom the plaintiff sued for conversion of a Great Dane trailer and for unlawfully terminating a purchase agreement without proper notice. We reverse.
When Page agreed to sell the trailer to Matthews, the following agreement was signed by the two parties on December 12, 1974.
Mr. Matthews agrees to purchase above trailer in amount of $6400.00. He agrees *459 to pay $500.00 down and to pay a minimum of $400.00 per month until the total amount is paid for.
There was testimony that Matthews paid, in addition to the $500 down payment, $689 in December 1974, $950 in January 1975, and $410 in February 1975, a total of $2,049. The buyer made no payments in March or April 1975, and in early April the seller repossessed the trailer.
We find that the written agreement is ambiguous to the extent that it might or might not be read to mean that payments in excess of $400 in one month could be applied to future months when the $400 minimum was not paid. Matthews testified that there was just such an oral agreement between him and Page, whieh should have resulted in the application of the excess payments made in December, January, and February to make up the minimum payments for March and April.
Because there was evidence upon which the jury could lawfully have found for the plaintiff, the trial court erred in directing a verdict for the defendant. Florida East Coast Ry. Co. v. Britt, 347 So.2d 122 (Fla.4th DCA 1977).
REVERSED and REMANDED.
ANSTEAD, J., and GREEN, OLIVER L., Associate Judge, concur.