[No. 8403.   Department One.   October 26, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Wesley Lloyd, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

HUSBAND AND WIFE—SEPARATE MAINTENANCE—ACTION—RESIDENCE OF PLAINTIFF. Bal. Code, § 5718, requiring residence for one year in this state by the plaintiff in an action for divorce, has no application to actions for separate maintenance.

SAME—ALIMONY IN SEPARATE MAINTENANCE—SUIT MONEY—DENIAL OF MARRIAGE. An order for alimony *pendente lite* and suit money cannot be made, independently of statutory provisions, in an action brought for separate maintenance, where the fact of marriage is denied and the defendant alleges inability to pay.

Certiorari to review an order of the superior court for King county, Main, J., entered September 29, 1909, directing the payment of suit money and alimony pending an action for separate maintenance. Reversed.

*Wesley Lloyd* and *A. H. Garretson*, for relator.

*Hastings & Stedman*, for respondent.

CHADWICK, J.—A writ of certiorari directed to the superior court of King county brings to us for review an interlocutory order entered in the case of Ida L. George v. Charles E. George, now pending in King county. The trial court directed the payment of the sum of $100 suit money, and $75 per month as alimony or maintenance pending the final hearing.

The principal action is one for separate maintenance. A divorce is not sought, and it is the contention of the relator that the court had no jurisdiction to enter the order complained of. This he argues under two principal assignments, the first being that, if an action for maintenance be an incident to, and covered by, the statutes pertaining to divorce

[1]Reported in 104 Pac. 771.

proceedings and alimony, the jurisdiction of the court depends upon the fact of plaintiff's residence within the state for one year; that the plaintiff not having acquired a residence in the state of Washington, the court acted in excess of its jurisdiction, and the order is for that reason void; second, that the court cannot, without exceeding its jurisdiction, make an order granting alimony or suit money *pendente lite* in an action for separate maintenance; that if such power exists it must depend upon the warrant of an express statute, or it must result as an incident to its plenary power when in the exercise of its equitable jurisdiction; that it will then be sustained only because equity will not know a wrong without a remedy; that if there is an adequate remedy at law the jurisdiction of equity will not attach; that chapter 103, Laws 1907 (the desertion and nonsupport law), does furnish an adequate remedy, and for that reason the court exceeded its jurisdiction.

The point—and as it seems to us the principal point—is made that a court could not make an order for maintenance and attorney's fees *pendente lite* when the fact of marriage is denied.  Respondent relies upon the following cases decided by this court: *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216; *Branscheid v. Branscheid*, 27 Wash. 368, 67 Pac. 812, and *Ex parte Winter*, 70 Cal. 291, 11 Pac. 630.  The first two cases are familiar to the bar of this state and need not be discussed, except to say that they go no further than to hold that courts have jurisdiction to decree an allowance for the permanent support and maintenance of a wife upon a proper showing of the necessity of the wife and the ability of the husband to pay, or that the parties are possessed of community property which in justice should be turned to the support of both husband and wife.  The *Winter* case is sustained by reference to statutes of the state of California (Civil Code, § 137), wherein it is expressly provided that a wife may begin an action for permanent support, and that the court may make an order pending the action for suit

money and alimony. "It was not disputed in any quarter that the plaintiff was the wife of Winter." *Winter v. Superior Court*, 70 Cal. 295, 11 Pac. 633. The action for maintenance being, under the decisions of this court, an ordinary action in equity and independent of the divorce statutes, it follows that the requirement of the law (Bal. Code, § 5718; P. C. § 4632), a residence of one year on the part of one seeking a divorce, cannot apply. It has been frequently so held. The court was not without jurisdiction in that respect. *Hulett v. Hulett*, 80 Ky. 364; *Tolman v. Tolman*, 1 App. D. C. 299; *Shrader v. Shrader*, 36 Fla. 502; *Miller v. Miller*, 33 Fla. 453, 24 L. R. A. 137.

We shall content ourselves with discussing the one question whether the court, in justice to the parties, ought to make an order *pendente lite* when the fact of marriage is denied. Orders requiring the payment of money pending any form of action are not favored, and should never be granted by the court unless warranted by the statute or sustained by some recognized and well-settled principle of equity. Whether a court has inherent power to make an order for alimony pending an action for maintenance, irrespective of the statute, is one upon which the cases are divided (25 Cyc. 1604), and we do not feel called upon to decide it in this action. When the fact of marriage is denied, the fact upon which the one and ultimate recovery must depend is put in issue, and it would seem that the court would have no right to anticipate the final decree and order an award of alimony upon an interlocutory proceeding. The case being independent of the divorce statutes, the court cannot, upon such denial, give to the one party or take from another upon the theory that the alleged husband has property which ought, in conscience, to be put to the uses of the one asserting herself to be a wife, or which belongs to a community composed of the two, or that the husband owes a duty of support which has been denied. The parties stand before the court, not as husband and wife, but as any other litigants contesting a

case calling for a money judgment. We find no cases directly in point, although it has been held in divorce cases and statutory proceedings where the power of the court was undoubted, that an order *pendente lite* should not be made where the fact of marriage is denied. The logic which sustains these cases will sustain our conclusion in this case.

In *Hite v. Hite*, 124 Cal. 389, 57 Pac. 227, 71 Am. St. 82, 45 L. R. A. 793, the court said:

"If the marriage were admitted, then, upon a showing of the wife's necessities and the faculties of the husband the allowance is almost a matter of course. It is otherwise when the marriage is denied. Then, before alimony can be allowed, the marriage must be proved, and a prima facie showing made by the wife when there is a counter showing is not sufficient. The judge should be satisfied from the entire proof made of the fact of marriage. Unless upon that question the husband has had his day in court and a hearing, if alimony is allowed, his property is taken without due process of law. This precise question has not been considered, or even suggested, in any case to which my attention has been called, except in *McKenna v. McKenna*, 70 Ill. App. 340. It was there said that in such case—when the marriage is denied—the order cannot properly be made 'until a hearing has been had and the court upon it finds that the relation of wife and husband exists.' The hardships which might result from either doctrine is there very tersely stated. The learned judge quotes from *Schonwald v. Schonwald*, 1 Phill. Eq. 219, to the effect that it is better when a woman makes oath of the fact of marriage to make an allowance, although the oath may turn out to be false, than that a wife may be in danger of starvation 'if a brutal husband makes oath denying the marriage, which may turn out to be false.' To which the Illinois judge replies that 'the more accurate statement would be that it is better to compel any man to pay temporary alimony and expenses of suit to any woman who may see fit to make oath that he is her husband, however strongly he may deny the allegation, rather than allow her to be in want of money which he has.' Whatever hardships may result, the court cannot lawfully take by final decree money from A and give it to B, whatever may be the necessities of B, when A

disputes the facts upon which his liability is made to depend, without a trial and a determination of the issues made."

In *Vreeland v. Vreeland*, 18 N. J. Eq. 43, the chancellor met the proposition now before us for consideration in the following way:

"Where the real controversy in the suit is, as here, between the parties, whether that relation exists, or ever did exist, the order cannot be made upon the mere allegation or *ex parte* affidavits of the wife. Else every man might be made to pay the expenses of any woman who claimed him as her husband, and sues him for maintenance, and to support her as long as the suit could be spun out."

See, also, *Freeman v. Freeman*, 49 N. J. Eq. 102; *York v. York*, 34 Iowa 530; *Collins v. Collins*, 71 N. Y. 269.

A case most nearly in point is that of *Therkelson v. Therkelsen*, 35 Ore. 75, 54 Pac. 885, 57 Pac. 373. This was an action brought under a statute allowing a separate action for maintenance, and authorizing an order "after hearing the parties." It was held that an allowance could not be made for support and counsel fees *pendente lite*. In discussing the remedy and the rights of the parties, the court said:

"It [the order for suit money] is not incidental, as in a suit for divorce, where the purpose is to enable the wife to litigate with her husband, but final as the sole and ultimate redress to be administered."

Alimony or maintenance and counsel fees is not granted as a matter of course (*Pringle v. Pringle, ante* p. 93, 104 Pac. 135), or upon the mere allegation of marriage. Neither is the order imposed as a penalty, but to compel the performance of a duty, and must be sustained on equitable grounds, having reference to the relative situation of the parties. Here, where plaintiff submits a purported marriage certificate, identified by one who says that he is familiar with the handwriting of the officiating clergyman, she is met by a denial of the marriage and of the financial ability of the defendant to pay, as well as the allegation that plaintiff

has funds in her own right as well as interest-bearing stocks of considerable value. These are the issues made by the pleadings, and they call for a formal trial. If the rules which we have quoted apply under statutes and in divorce cases, surely it cannot be contended that a court, acting independently of the statute and in the exercise of its general equitable powers, should grant an order over the denial of the defendant that he is the husband of plaintiff, coupled with his assertion of pecuniary inability to pay, until a full, final and complete hearing on the merits. To so hold would make it possible to try every case of this character upon an interlocutory proceeding, or subject the defendant to an invasion of property rights for which he might be without redress although the final decree be entered in his favor.

The order of the trial court is reversed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.