[No. 12061. Department Two. January 29, 1915.]

RICHARD LEWIS, *Appellant*, v. ELIZABETH LEWIS, *Respondent*.[1]

DIVORCE—ALIMONY AND SUIT MONEY PENDING APPEAL—JURISDICTION. The superior court retains jurisdiction, after judgment in divorce actions, for the purpose of allowing suit money, attorney's fees and alimony pending appeal; in view of Rem. & Bal. Code, § 988, giving the court power to make such orders relative to expense so as to insure efficient preparation of the wife's case, and Id., § 1731, providing that on appeal the superior court shall retain jurisdiction for certain specified purposes, and "for all purposes in so far as the cause is not affected by the appeal;" especially in view of the rule that the supreme court is without jurisdiction to hear such applications pending the appeal.

APPEAL—REVIEW — COLLATERAL PROCEEDINGS — SCOPE. An appeal from an order allowing suit money pending appeal in a divorce case does not bring up for review questions involved in the principal action in which the appeal has been dismissed.

[1]Reported in 145 Pac. 980.

Appeal by plaintiff from an order of the superior court for Pierce county, Card, J., entered September 22, 1913, allowing suit money and attorney's fees in a divorce case pending appeal. Affirmed.

*H. W. Lueders*, for appellant.

*Anthony M. Arntson*, for respondent.

MAIN, J.—This is an appeal from an order of the superior court allowing attorney's fees and suit money in a divorce action pending an appeal.

The facts are as follows: On the 3d day of December, 1912, the plaintiff brought an action against the defendant for a divorce. On March 10, 1913, after a trial, the superior court entered a judgment dismissing the action. On March 27, 1913, the plaintiff's motion for a new trial was overruled. On June 6, 1913, the plaintiff served his notice of appeal; and thereafter filed and served his bond on appeal. On August 14, 1913, the plaintiff served his opening brief. Thereupon the defendant petitioned the trial court for an order for suit money, attorney's fees, and alimony, in order that she might defend the action in this court. On September 22, 1913, an order was made by the trial court requiring the plaintiff to pay a certain sum as attorney's fees and suit money on appeal. Thereafter counsel for the defendant prepared, served, and filed on her behalf a brief. Subsequent to the service and filing of this brief, and on October 6, 1913, the plaintiff appealed from the order of September 22, which was the order allowing attorney's fees and suit money on appeal. On May 15, 1914, the plaintiff's appeal in the divorce action was, by this court, dismissed. Upon the present appeal, the cause is here for review of the order requiring the plaintiff to pay attorney's fees and suit money on appeal.

The principal question in the case is whether, in a divorce action after an appeal has been taken from the judgment of the superior court, that court has the power or jurisdiction

to allow the wife attorney's fees, suit money, and alimony pending the appeal.

Rem. & Bal. Code, § 988 (P. C. 159 § 13), provides that:

"Pending the action for divorce the court, or judge thereof, may make . . . such orders relative to the expense of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof . . ."

Section 1731 (P. C. 81 § 1215) after providing that "the supreme court shall acquire jurisdiction of the appeal for all necessary purposes" provides, that the superior court shall retain jurisdiction for certain purposes specified and "for all purposes in so far as the cause is not affected by the appeal."

The order complained of here was entered after the appeal had been perfected. The allowance or disallowance of suit money, attorney's fees or alimony pending the appeal is not a part of the original judgment appealed from. Neither is it a matter embraced therein. The wife could not, in fact, make the application until after the appeal had been taken, because she could not have known that the husband intended to appeal from the judgment dismissing the action until the notice of appeal was served. We think, under the sections of the code above referred to, that the superior court retained jurisdiction and power, after the appeal, for the purpose of determining the question of suit money, attorney's fees, or alimony, pending the appeal.

In *Ex parte Lohmuller*, 103 Tex. 474, 129 S. W. 834, the supreme court of Texas under a statute similar in terms to that of § 988, *supra*, held, that the trial court retained power and jurisdiction, after an appeal had been perfected, to make an allowance to the wife. In the course of that opinion, it was said:

"The statute concerning divorces empowers 'the judge,' either in term time or vacation, to allow a wife who has not sufficient income for her maintenance, 'during the pendency

22—83 WASH.

of the suit for divorce,' a sum for her support 'until a final decree shall be made in the case.' Rev. St., art. 2986. This is a power incidental to the jurisdiction over the suit for divorce in the exercise of which it becomes the duty of the court to see to the proper support and maintenance of the wife until it can be determined in the course of the proceeding whether or not she is to remain a wife. The full accomplishment of the purpose for which the power is granted requires that it last as long as the occasion for its exercise shall last, that is, 'during the pendency of the suit,' and hence the 'final decree'—that is, to put an end to the power— is that 'made in the case' (not necessarily that made by the district judge or the district court). The decree of the trial court granting or denying the divorce may be the final decree of that court, but it is not the final decree 'made in the case' when an appeal is taken to another tribunal. So long as the appeal is pending the suit is pending, and the occasion specified in the statute for the allowance of alimony continues, and it does not end until that decree is pronounced which puts an end to the case. The nature of the power is such as to make it incompatible with the notion that it can no longer be exercised after the district court has rendered a judgment for divorce and has adjourned, although an appeal has been taken. The facts remain that the case is still pending, that no final decree has been made in it, and that the wife is still in need of the provision as fully as she was before the judgment; and these are all the facts which the statute requires to make it the duty of 'the judge' to exercise the power.

"We do not mean to hold that the statute giving the power would justify the disregard of anything adjudicated by the decree of divorce. Nothing of the sort was done here. The action of the district judge was based upon conditions that did not exist, and therefore were not and could not have been passed on when the judgment was rendered, but have arisen since. Hence, we conclude that the principle which forbids a court to change its judgment after the expiration of the term at which it was rendered has no application."

Other courts holding to the same effect under similar statutes are these: *McBride v. McBride*, 119 N. Y. 519, 23 N. E. 1065; *Roby v. Roby*, 9 Idaho 371, 74 Pac. 957; *Reilly v. Reilly*, 60 Cal. 624.

In *Griffith v. Griffith*, 71 Wash. 56, 59, 127 Pac. 585, 128 Pac. 636, upon a rehearing, it was held: That this court was without jurisdiction to hear original applications for alimony, suit money, and attorneys' fees in a divorce action pending the appeal, and overruling the former holdings of the court upon that question. Our attention has not been called to the decision of any court holding that the trial court does not have jurisdiction after the appeal has been perfected in a divorce action to make an allowance for suit money, attorney's fees, or alimony pending the appeal, where the reviewing court is without jurisdiction, as in this state, to determine such matters. If there are such decisions, they have not been cited, nor has our investigation discovered any.

The plaintiff cites the cases of *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105, and *Gust v. Gust*, 71 Wash. 75, 127 Pac. 566, as sustaining his position. Neither of these cases is in point. In each of them, the subsequent or collateral order entered by the court was a modification of the previous judgment. In the present case, as already indicated, the subsequent or collateral order embodied a matter not embraced in the original judgment and which could not have been included therein.

Something is said in the plaintiff's brief relative to the principal action. But obviously the appeal from the collateral order does not bring up for review questions involved in the principal action in which the appeal has been dismissed.

The judgment will be affirmed.

CROW, MOUNT, ELLIS, and FULLERTON, JJ., concur.