[No. 12676. Department One. April 12, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Robert Young, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

HUSBAND AND WIFE—ACTION FOR SEPARATE MAINTENANCE—TEMPORARY MAINTENANCE AND SUIT MONEY. An action by a wife for separate maintenance being within the inherent jurisdiction of a court of equitable cognizance, independently of statute, the court may award temporary maintenance and suit money pending the action; and the fact that the only express statutory authority for such relief is restricted to divorce suits cannot be construed by implication as excluding such relief in an action for separate maintenance.

Certiorari to review an order of the superior court for Spokane county, Blake, J., entered March 2, 1915, requiring the payment of temporary maintenance and suit money pending an action for separate maintenance. Affirmed.

*Farnham & Lloyd* and *Charles E. Swan*, for plaintiff.

[1] Reported in 147 Pac. 436.

PARKER, J.—This is a certiorari proceeding, wherein the relator seeks review and reversal of an order of the superior court for Spokane county requiring him to pay to his wife, Elsie Young, $25 per month for her temporary maintenance and $50 suit money, pending her action in that court against him for separate maintenance.

The record before us renders it clear that relator admits the existence of the marriage relation between himself and Elsie Young. We also think the record renders it plain that the trial court did not abuse its discretion in making the order sought to be reversed, assuming that such an order may be lawfully made in an action by a wife seeking only separate maintenance.

The principal contention of counsel for relator, and the only one we regard worthy of serious consideration here, is that the superior court has no power under any circumstances to award temporary maintenance and suit money pending an action for separate maintenance by a wife. This contention seems to be rested upon the theory that such power must be found, if at all, in some statute law. It is the settled law of this state that an action for separate maintenance may be maintained by a wife, though we have no statute upon that subject. *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216; *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac. 812. Counsel for relator seems to rest his contention, in some measure, upon the fact that our divorce statute makes express provision for awarding to the wife temporary maintenance and suit money pending an action for divorce; and this, it is insisted, excludes the idea of such temporary relief in a separate maintenance action. We think, however, that since the wife's right to wage a separate maintenance action does not rest upon statute, but exists independent thereof, her right to such temporary relief in connection therewith is also to be determined independent of the provisions of our divorce statute relating to temporary maintenance and suit money.

In *State ex rel. Lloyd v. Superior Court*, 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N. S.) 387, we held that when the marriage is denied in such an action and that becomes one of the main issues therein, the trial court cannot grant such temporary relief.    That holding, however, is not determinative of the problem here for solution, where the marriage is admitted.

In *Milliron v. Milliron*, 9 S. D. 181, 68 N. W. 286, 62 Am. St. 863, this question was reviewed.    Judge Fuller speaking for the court said:

"Independently of statute, the subject is inherently within the general jurisdiction of a court of equity, and our attention has been called to no act of the legislature designed to limit such courts to cases which include in the relief sought a prayer for an absolute divorce.    The true rule is that although the statute make no provision for temporary alimony, as an incident to an action for separate maintenance, where no decree for a divorce is prayed for, a court of equity is not precluded, in a proper case, from compelling the husband to maintain his wife and provide suit money with which to enable her to prosecute or defend the action.    *Daniels v. Daniels* (Colo. Sup.) 10 Pac. 657; *Verner v. Verner*, 62 Miss. 260; *Galland v. Galland*, 38 Cal. 265; *Simpson v. Simpson*, (Iowa) 59 N. W. 22; *Miller v. Miller*, (Fla.) 15 So. 222; *Johnson v. Johnson*, 125 Ill. 510, 16 N. E. 891; *Harding v. Harding*, 144 Ill. 588, 132 N. E. 206; *Vreeland v. Vreeland*, 18 N. J. Eq. 43; 2 Nels. Div. & Sep. p. 973, and cases there collected.    In the case of *Glover v. Glover*, 16 Ala. 440, the court says: 'The broad ground upon which the jurisdiction is made to rest is the unquestioned duty of the husband to support the wife, and the inadequacy of legal remedies to enforce this duty.' "

In 1 R. C. L. p. 903, the learned editors observe:

"A woman who is compelled, through her husband's fault, to live apart from him, may, in many jurisdictions, maintain a suit for separate maintenance or permanent alimony, without being forced to seek a divorce.    In such a proceeding the court has power to award alimony *pendente lite* even though the statute contains no express grant of authority to make such an order except in the case of a suit for divorce."

In the text of 21 Cyc. 1604, the same view is stated and numerous decisions cited in support thereof, though recognizing that there are some decisions not in harmony therewith.

We conclude that the weight of authority, as well as the better reason, supports the conclusion that the superior court has power to enter the order sought to be reversed. For these reasons, the order is affirmed.

MORRIS, C. J., HOLCOMB, MOUNT, and CHADWICK, JJ., concur.