[No. 16344.  Department Two.  December 19, 1921.]

FLORENCE F. RENO, *Appellant,* v. WILLIAM L. RENO, *Respondent.*[1]

DIVORCE (94)—ALIMONY AND SUIT MONEY PENDING APPEAL—JURISDICTION.  Pending appeal in a divorce action, the superior court retains jurisdiction to order the husband to pay money to the wife to apply on the cost of her appeal, and also for clothing, medical attendance and a weekly allowance.

Cross-appeals from a judgment and order of the superior court for Franklin county, Truax, J., entered November 9, and 17, 1920, granting a divorce to both parties and directing the payment of alimony to plaintiff pending appeal, after a trial to the court.  Affirmed.

*Chas. W. Johnson,* for appellant.

*Edward A. Davis,* for respondent.

Hovey, J.—As might be assumed from the title, this is a divorce action.

The trial court granted a decree of divorce to each of the parties, and awarded the wife one-half of the community property and gave to the husband the other half of the community property, and did not award any portion of the husband's separate property to the wife.

After notice of appeal was given, the appellant secured from the trial court an order directing the respondent to pay certain sums to be applied on the cost of her appeal, and in addition thereto, a small weekly allowance and certain sums for clothing and medical attention.  The respondent cross-appealed from this order and contends that the lower court was without jurisdiction to make it.  We find no error in the mak-

[1] Reported in 203 Pac. 2.

ing of this order. *Lewis v. Lewis,* 83 Wash. 671, 145 Pac. 980.

Appellant makes two contentions: First, that the evidence did not justify the decree in favor of the husband. Second, that she did not receive a sufficient award of property. No useful purpose would be served by reciting the evidence in this opinion. We have carefully examined it and believe that it sustains the action of the trial court.

The decree and order appealed from are both affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.