[No. 16973.  *En Banc.*  February 16, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Morris Buttnick, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Calvin S. Hall, Judge, Respondent.*[1]

HUSBAND AND WIFE (108)—SEPARATE MAINTENANCE—TEMPORARY ALLOWANCE AND SUIT MONEY—EFFECT OF APPEAL. Although a judgment for separate maintenance of a wife and children has been superseded pending appeal, the superior court still retains jurisdiction after such judgment to compel the husband to pay for her separate maintenance during appeal, notwithstanding the supersedeas, and to order the payment by the husband of suit money for the preparation of her case on appeal.

SAME (108)—SEPARATE MAINTENANCE—SUIT MONEY—DENIAL OF MARRIAGE—APPEAL—PRESUMPTIONS. The denial of the existence of a legal marriage relation between parties will not defeat the right of the alleged wife to an allowance for maintenance and suit money pending an appeal from a judgment awarding her separate maintenance, where the trial court has found that there was a valid marriage between the parties.

Application filed in the supreme court December 10, 1921, for a writ of prohibition to prohibit the superior court for King county, Hall, J., from further proceeding in a cause.  Denied.

*Arthur C. Bannon* and *Peters & Powell,* for relator.

*Greene & Henry* and *James E. McGrew,* for respondent.

HOLCOMB, J.—This is an original action for a writ of prohibition, directed to the respondent, to prohibit it from further proceeding in the matter of granting an award for temporary maintenance and for suit money pending the appeal from a decree in favor of the alleged wife in an action for separate maintenance.

The only question to be determined is whether the

[1]Reported in 204 Pac. 177.

trial judge who heard and entered the judgment in the case below has the power, after an appeal has been perfected, supersedeas bond given and the judgment superseded, to entertain a motion for the allowance to plaintiff of support for herself and minor child during the pendency of the appeal, and for sufficient funds to enable her to properly present her case before this court.

The trial judge, on August 22, 1921, entered a judgment against the relator, requiring him to pay Celia Buttnick, the plaintiff in the action below, the sum of $200 per month for her separate maintenance, such payments to begin with the 15th day of July, 1921, and to continue the payments on the first business day of each month thereafter. Relator appealed from that judgment and gave a bond on appeal and a supersedeas bond, and upon the appeal being thus taken, Celia Buttnick made application for an order compelling the relator to pay her for her separate maintenance $200 per month pending the appeal, notwithstanding the supersedeas, and also $500 for the preparation of her case on appeal.

Relator strenuously insists that the superior court has no jurisdiction to compel the relator, pending the appeal, to pay the precise amounts required by the superseded judgment; and that the superior court has no jurisdiction, notwithstanding the supersedeas, to compel the relator to pay suit money.

We have held in a number of cases that an action by a wife for separate maintenance against the husband is upon the same footing as an application for divorce and temporary and permanent alimony and suit money. *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216; *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac. 812; *State ex rel. Young v. Superior Court,* 85 Wash. 72, 147 Pac. 436.

And we have also held that this court has no original jurisdiction to grant suit money and temporary alimony pending an appeal in such cases, and that the superior court has such jurisdiction. *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585, 128 Pac. 636; *Lewis v. Lewis,* 83 Wash. 671, 145 Pac. 980.

It is urged by relator, however, that, although the superior court has jurisdiction in both actions for divorce and actions for separate maintenance of the wife to grant temporary alimony or maintenance and suit money, it has no such jurisdiction in a suit the sole object of which is separate maintenance and suit money, after an appeal has been taken from the judgment in her favor made in the court below.

In *Lewis v. Lewis,* 83 Wash. 671, 145 Pac. 980, we held that, as to divorce actions, where such an award was made to the wife after an appeal had been perfected by the husband, the superior court had such jurisdiction. There it was observed:

"The order complained of here was entered after the appeal had been perfected. The allowance or disallowance of suit money, attorney's fees or alimony pending the appeal is not a part of the original judgment appealed from. Neither is it a matter embraced therein. The wife could not, in fact, make the application until after the appeal had been taken, because she could not have known that the husband intended to appeal from the judgment dismissing the action until the notice of appeal was served."

Those observations are pertinent here. Relator argues:

"In deciding this question the court need go no further than to consider the effect of the supersedeas. The effect of a supersedeas is to prevent the execution of the judgment. Now what is the judgment in the present case? It is that the relator Morris Buttnick shall pay to the plaintiff in the court below for her

separate maintenance $200 per month. That has been superseded. If that court can now enter another judgment requiring the relator to pay the same thing, then the supersedeas is a farce. This is apparent when one makes a practical application of it. Let us suppose that the superior court enters an order requiring the defendant to pay the plaintiff $200 per month as separate maintenance pending appeal. Thereupon the relator would have to pay to the plaintiff for the month of January $200 as separate maintenance. But that is precisely what the judgment appealed from requires him to do. If the relator's appeal shall be successful, he will have lost the benefit of the supersedeas.''

The fact that the amount awarded for separate maintenance pending appeal, by the lower court, coincides with the amount awarded her in the court's general judgment is of no importance. It is simply that the trial court found that $200 per month was necessary for the maintenance of the wife and her minor child, and of course the same amount would be necessary for her maintenance pending the appeal. The amount awarded in the judgment has been superseded, it is true, but it is not the same amount, although it coincides, that has been awarded by the trial court pending appeal. That is the amount necessary for the subsistence of the wife and her family as found by the court, and the suit money that is necessary for her proper preparation of her case upon the husband's appeal. The wife could not, as was said in *Lewis v. Lewis, supra,* in fact, make application until after the appeal had been taken, because she could not have known that the husband intended to appeal from the judgment. It is a new and separate interlocutory order or judgment, but as was said in *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585, 128 Pac. 636, all sums paid in the way of alimony or suit money pending appeal may be considered in the final disposition of the case

and charged to the wife as the situation may require. The allowances so made after appeal were no part of the judgment appealed from, and are not superseded by the appeal. *Lewis v. Lewis, supra.*

Relator also insists that while suit money to enable the plaintiff to defend the appeal is not included in the judgment appealed from and superseded, it cannot be allowed because the marriage is denied, citing *State ex rel. Lloyd v. Superior Court,* 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N. S.) 387.

The marriage is denied by relator in this way: He alleges in his amended answer and cross-complaint that the plaintiff and defendant intermarried at Victoria, B. C., May 16, 1900, at the insistent request of plaintiff, and that they were and are, as plaintiff well knew, nearer of kin to each other than second cousins of the whole blood, computed by the rules of the civil law, to wit: "That the father of defendant and the mother of plaintiff were brother and sister of the whole blood, and that plaintiff and defendant are first cousins, and therefore the marriage is void." It is further alleged that the plaintiff at all times knew that the marriage was illegal and void.

It was admitted by counsel for relator at the trial of the case, as appears by the return of respondent, that a marriage ceremony was performed in Victoria, B. C., on the date alleged, and that in that province the marriage of first cousins is legal and valid. It was also admitted that the parties lived and cohabited together for a number of years as husband and wife, under that marriage ceremony, and that three daughters were born as the issue of that marriage.

Since the principal case is coming here upon appeal, it is not proper for us to prejudge the validity or invalidity of the marriage relied upon by the plaintiff in

the case. It is sufficient to say that there is ample
evidence and admissions of a *de facto* marriage, al-
though relator insists that it is not a marriage *de jure*.
In any event, it is very apparent that the plaintiff, in
the action for separate maintenance, is acting in good
faith, and it is indisputable that her side of the case,
on appeal on the merits, should be thoroughly and
carefully presented. Where a marriage was alleged
by a wife and denied *in toto* by the husband, as in *State
ex rel. Lloyd v. Superior Court,* 55 Wash. 347, 104 Pac.
771, 25 L. R. A. (N. S.) 387, relied upon by relator, and
the inability of the husband was at the same time
alleged to prevent any order for the payment of ali-
mony or maintenance pending the final hearing of the
action, we should say that those issues call for a formal
trial, as we said in that case. But in this case there
has been a formal trial, and the trial court found in
favor of plaintiff that there was a valid marriage be-
tween the parties, which, for present purposes, makes
it a reasonably plain case as to the existence of the
marriage relation. Its averment and denial in the
pleadings did not bind the trial court, and upon a hear-
ing the trial court found against the denial of the mar-
riage. We must, therefore, indulge the presumption
that the trial court was right, and that a legal marriage
in fact existed, and that there is sufficient justification
for the allowance of separate maintenance, and for the
allowance of separate maintenance pending appeal,
and suit money.

"The rule for allowing alimony *pendente lite* is
based upon the existence, among other things, of the
marriage relation; and, if the showing of all necessary
facts is not made to appear at least *prima facie,* the
court should not award it." *Eickhoff v. Eickhoff,* 29
Colo. 295, 68 Pac. 237, 93 Am. St. 64.

In the same case it was held that:

"Where it appears, as here, that the legal proposition presented is a debatable one, concerning which able courts have disagreed, and no binding judicial determination has been had in the jurisdiction where the point is raised, we think it should not be decided upon an application for alimony *pendente lite.* Where, as in this case, the trial court has held, as appears to be the case, that the marriage alleged by plaintiff in her complaint was a legal and valid marriage, and the parties have lived together as married persons, we are not disposed, upon a review of its judgment for temporary alimony, to examine into this controverted question, etc."

We are therefore of the opinion that, under the facts presented in this case, and the law obtaining in our jurisdiction, the writ prayed for should be denied.

Denied.

PARKER, C. J., MACKINTOSH, TOLMAN, MAIN, HOVEY, MITCHELL, and BRIDGES, JJ., concur.