[No. 17107.    Department One.    September 8, 1922.]

CELIA BUTTNICK, *Respondent*, v. MORRIS BUTTNICK
et al., *Appellants*, SAMUEL BUTTNICK
et al., *Defendants*.[1]

JUDGMENT (206, 213-1) — RES JUDICATA — PARTIES AND MATTERS
CONCLUDED—HUSBAND AND WIFE—SEPARATE MAINTENANCE.   A judg-
ment in an action for separate maintenance declaring that the
parties were husband and wife, is *res adjudicata* as to the validity
of the marriage, in a subsequent suit for separate maintenance.

SAME (213-1)—RES JUDICATA—MATTERS CONCLUDED—NEW CAUSE
OF ACTION — PARTIES — SEPARATE MAINTENANCE — WAIVER OF OBJEC-
TIONS.   Where, after judgment for separate maintenance the parties
voluntarily resumed their former relation and lived together for
over thirteen years, the amount awarded in the former suit is not
*res adjudicata* in a subsequent suit for separate maintenance prose-
cuted on account of the husband's more recent neglect.

FRAUDULENT CONVEYANCES (21) — HUSBAND AND WIFE (111)—
SEPARATE MAINTENANCE—RELIEF.   A judgment for separate main-
tenance properly charged a lien upon capital stock which the hus-
band transferred to his sister without consideration for the purpose
of secreting it from the claims of the plaintiff.

Appeal from a judgment of the superior court for
King county, Hall, J., entered August 22, 1921, upon
findings in favor of the plaintiff, in an action for sep-
arate maintenance, tried to the court.   Affirmed.

*Peters & Powell* and *Arthur C. Bannon*, for appel-
lants.

*Greene & Henry* and *Jas. E. McGrew*, for respond-
ent.

MITCHELL, J.—This is an action for separate main-
tenance, brought by Celia Buttnick against her hus-
band, Morris Buttnick.   The other parties were
brought in as defendants upon allegations of an al-
leged conspiracy between them and the husband to

[1]Reported in 209 Pac. 6.

secrete his property and place it beyond reach for the support of herself and children. To the amended complaint, upon which the case was tried, the husband interposed an affirmative defense and cross-complaint, alleging that the marriage was void and seeking an annulment of it; and in the alternative, a cross-complaint for a decree of divorce in his favor. Plaintiff's reply set out a former adjudication that the marriage between the parties was valid, and denied the allegations of fact in the cross-complaint for a divorce. Other than the husband and Lena Buttnick, all of the defendants were dismissed out of the case. Judgment for separate maintenance was entered in favor of the plaintiff, who was also awarded a lien against fifty shares of stock of the Buttnick Jobbing & Investment Company held by Lena Buttnick, which she was enjoined from disposing of or encumbering. The defendants have appealed.

Hereinafter, Morris Buttnick will be spoken of as the appellant. He and the respondent were married on May 16, 1900, at Victoria, B. C. The principal claim of the appellant, on the appeal, is that the court erred in finding that he and the respondent are, and since May 16, 1900, have been, husband and wife, and in refusing to find that the marriage was illegal and void, and in refusing to enter a decree annulling the marriage. It appears that, prior to 1905, the appellant neglected his wife and their three children, whereupon she brought an action against him in the superior court of King county for separate maintenance. He appeared in that action, the trial of which, on March 27, 1905, resulted in a finding, among others, "that plaintiff and defendant now are and ever since on or about the 16th day of May, 1900, have been husband and wife," and a judgment awarding her certain specific

amounts for separate maintenance, and for costs.    The findings and judgment were made and duly entered of record on April 3, 1905.    It was a judgment wherein the court had jurisdiction of the subject-matter, by law, and jurisdiction of the parties because of their personal appearance in the action.    The judgment, of course, by undeniable implication, was an adjudication of the existence between the parties of the relation of husband and wife—a relation necessarily essential in a judgment for separate maintenance.    In the case of *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138, we said:

"The whole theory of the doctrine of *res judicata* is that a question once decided by a court of competent jurisdiction having jurisdiction of the parties is finally decided, until reversed upon appeal or otherwise set aside in some lawful way. *Averbuch v. Averbuch,* 80 Wash. 257, 141 Pac. 701; *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661; *Stay v. Stay,* 53 Wash. 534, 102 Pac. 420; *Bruce v. Foley,* 18 Wash. 96, 50 Pac. 935; *Harding v. Harding,* 198 U. S. 317; *Kalisch v. Kalisch,* 9 Wis. 482; *Hoag v. Hoag,* 210 Mass. 94, 96 N. E. 49, 36 L. R. A. (N. S.) 329."

The record upon which respondent's plea of *res judicata* rests is admitted by the appellant and we think it binding upon him in this case.

A few days after the judgment in the former suit was entered, appellant resumed his former course of living with his wife and children, and continued to do so thereafter for over thirteen years, or until about two years before the commencement of this action.    He now contends that, if the judgment in the former hearing was *res judicata* as to the marriage relation, it was so as to the amount awarded for maintenance, and hence the judgment herein in that respect, which is in excess of the amount formerly allowed, is unwarranted and that respondent's only remedy was in the orig-

inal action for a modification of that judgment, rather than a new action. The record, however, abundantly shows that, after he commenced to live again with his family, their course of conduct with reference to money matters was as they agreed to, rather than as provided in the judgment, and further, in the present instance, it was deemed. advisable to bring in new parties. No objection because of a new suit was made by way of answer to the amended complaint. The neglect that gave rise to the original suit and the requirement that he pay so much for her separate maintenance were overcome by the voluntary act of the parties in living together thereafter, which in turn, because of his repeated and more recent neglect, gave way to a new cause of complaint in this respect. His being called upon to litigate it in a new action where other defendants were considered necessary parties, rather than in the former suit, was in no way prejudicial to his rights.

Further, it is contended that, assuming a valid marriage between the parties, the amount awarded is not justified by the evidence. The evidence on this feature of the case, as in other respects, is exceedingly voluminous and largely circumstantial, and while it cannot be easily repeated in substance nor summarized, examination of it satisfies us that it sustains the judgment entered.

Another assignment is that the court erred in giving the respondent a lien on the fifty shares of stock of the Buttnick Jobbing & Investment Company held by Lena Buttnick and enjoining her from disposing of or encumbering it. This also is largely a question of fact. She is a sister of appellant, while J. M. Buttnick is their father. The trial court found, upon what appears to be a preponderance of the evidence, that the

fifty shares of capital stock in question were subscribed for by Morris Buttnick and issued to him, and that thereafter J. M. Buttnick persuaded him to transfer it to his sister, and that it was so transferred to her without consideration; that she had no knowledge of the transfer, and that it was so transferred for the express purpose of secretly holding it and to avoid the stock being subjected to the payment of alimony or whatever allowances might be made in this suit.

Finally, it is claimed the court should have granted appellant relief upon his cross-complaint for a divorce. Upon examination of the evidence, we reach the same conclusion that the trial court did on this feature of the controversy.

Judgment affirmed.

PARKER, C. J., BRIDGES, and TOLMAN, JJ., concur.