[No. 17376. Department Two. November 18, 1922.]

CELIA BUTTNICK, *Respondent*, v. MORRIS BUTTNICK, *Appellant*, JACOB M. BUTTNICK *et al., Defendants.*[1]

HUSBAND AND WIFE (111)—SEPARATE MAINTENANCE—SUIT MONEY —AMOUNT OF AWARD—DISCRETION OF COURT. Findings as to the ability of a husband to pay monthly installments of $200 for maintenance and support to the wife are sustained where it appears that he is a man of unbounded credit and splendid ability, and had developed a business having assets of $200,000; and his claimed defense that he was not interested in the same except to the extent of his monthly salary was untrue.

Appeal from orders of the superior court for King county, Hall, J., entered April 26, 1922, allowing temporary maintenance and suit money and adjudging appellant to be in contempt of court. Affirmed.

*Arthur C. Bannon* and *Peters & Powell,* for appellant.

*Greene & Henry* and *J. E. McGrew,* for respondent.

[1]Reported in 210 Pac. 497.

HOVEY, J.—The main case between the parties to this action was disposed of by this court by our decision reported in 121 Wash. 211, 209 Pac. 6, in which cause the judgment of the lower court decreeing separate maintenance was affirmed. By the decree in that case respondent was awarded the sum of $200 per month as maintenance and certain other sums for counsel fees and suit expense.

Pending the appeal, respondent applied to the trial court for an order allowing temporary maintenance and suit money, and upon such an order being entered, a writ of prohibition was sought and thereafter denied. *State ex rel. Buttnick v. Superior Court,* 118 Wash. 604, 204 Pac. 177. Subsequently a show cause order was issued by the trial court requiring the appellant, Morris Buttnick, who is the only appellant in this proceeding, to pay the sums previously ordered or show cause why he should not be imprisoned for contempt. On the date of the return there was due to be paid under the order the sum of $500, and for the failure to pay this sum appellant was declared to be in contempt of court and ordered into the custody of the sheriff and he has since remained in jail.

At the time this hearing was held, considerable sums additional were due under the order as originally made, but the trial court had allowed additional time for their payment, and the appellant has wholly failed to pay any sum since the original judgment was entered in July, 1921, except the sum of $243 which he paid into court at the time of the contempt proceeding. This appeal is from the order allowing temporary maintenance and expense money, and from the subsequent order adjudging the appellant to be in contempt.

The present proceeding was tried principally upon affidavits, the only oral testimony received being that of an officer of the bank with whom appellant had done

business, and by an order of the trial court the findings of fact in the main cause were incorporated and made a part of the record in this proceeding. From these findings it appears that the appellant is a man of unbounded credit with splendid ability, capable of undertaking and conducting a big business and is a successful business man, and that the Buttnick Jobbing & Investment Company was developed into its present large business concern having assets of more than $200,000 largely through the efforts of the appellant; that the business was in fact established by appellant, and that the other members of his family are not capable by themselves of accomplishing what has been accomplished with that business, and that the claimed defense by the appellant that he was not the managing head and director of the concern and not interested in the same except to the extent of his monthly salary is untrue. The court further finds that appellant is capable of and is now earning large sums of money.

The showing made by the appellant was by affidavits which were principally to the effect that appellant has lost his position with the Buttnick Jobbing & Investment Company and has not been able to earn the money necessary to pay the sums ordered.

The record is in very unsatisfactory shape for us to reach any independent conclusion in this matter, but in view of the findings of the trial court in the main case, subsequently affirmed by this court, we come to the conclusion that there was no sufficient showing by the appellant of change in his circumstances or physical condition since the entry of the original judgment which would justify us in saying that the trial court has abused its discretion. The amount awarded as temporary maintenance is the same sum per month which was affirmed in the principal case and the expense awards do not appear to be unreasonable. It

is suggested by appellant that this award of temporary maintenance is a duplication of the permanent awards allowed in the judgment in the main cause, and so far as periods coincide, all sums paid upon the monthly allowance under the order appealed from herein shall operate as a credit for an equal amount upon the monthly allowance under the original judgment.

Both of the orders appealed from are affirmed.

PARKER, C. J., MAIN, FULLERTON, and TOLMAN, JJ., concur.