[No. 18643. Department One. July 18, 1924.]

CELIA BUTTNICK, *Respondent*, v. BUTTNICK JOBBING &
INVESTMENT COMPANY *et al.*, *Appellants*,
SARAH B. HERMAN, *Respondent*.[1]

APPEAL (502)—BONDS (6, 23)—LIABILITY—CONSIDERATION—DE-
FENSES. The principals in an appeal and supersedeas bond cannot
avoid liability by asserting that they had no appealable interest
and that their appeal could have been dismissed by respondent on
motion; since they chose to appeal and gained the full purpose of
the bond, which was a sufficient consideration for the bond.

APPEAL (502)—BONDS (6, 23)—LIABILITY—DEFENSES. It is no de-
fense to an action upon an appeal and supersedeas bond that the
obligee elected to institute contempt proceedings against the prin-
cipal on the bond, whereby the principal was imprisoned and in-
capacitated from earning money pending the appeal, where the
contempt proceeding was not made to enforce the judgment from
which the appeal was taken, but to enforce a wholly different lia-
bility.

APPEAL (501)—BONDS—SUMMARY REMEDIES. The supreme court
properly refused to enter judgment against the sureties upon a
supersedeas bond, on an appeal from a judgment awarding perma-
nent maintenance, where it had no way of determining what amount
of temporary maintenance was due, which, if paid, would be ap-
plied to reduce the judgment appealed from.

Appeal from a judgment of the superior court for
King county, Lindsley, J., entered November 24, 1923,
upon findings in favor of the plaintiff, in an action
upon a supersedeas bond, tried to the court. Affirmed.

*Arthur C. Bannon* and *Tucker, Hyland & Elvidge*,
for appellants.

*Greene & Henry* and *J. E. McGrew*, for respondent.

TOLMAN, J.—This is an action on a supersedeas bond,
given on appeal to this court, in the case of *Buttnick v.
Buttnick*, 121 Wash. 211, 209 Pac. 6. From a judgment

[1]Reported in 227 Pac. 852.

against them in the sum of $5,000, the full face of the bond, the defendants have appealed.

The history of the litigation is somewhat involved, and its general outline may be gleaned from the previous decisions of this court herein referred to.

From and after the entry of the original judgment, Morris Buttnick refused to pay any money or in any way comply with the judgment, except that he paid into court $243 when the contempt proceedings hereinafter mentioned were instituted against him; but whether that sum was paid on the original judgment, or on the judgment sought to be enforced by the contempt proceedings, does not clearly appear. After the appeal from the original judgment was perfected, and after the bond here involved was executed and filed, the wife, respondent here, obtained from the trial court an order allowing her temporary maintenance and suit money pending the appeal to enable her to appear in this court on that appeal. Morris Buttnick unsuccessfully sought here a writ of prohibition against that order. *State ex rel. Buttnick v. Superior Court*, 118 Wash. 604, 204 Pac. 177. Thereafter contempt proceedings were instituted against Morris Buttnick because of his failure to comply with the order involved in the case last cited, he was adjudged to be in contempt, appealed to this court, and that judgment was affirmed in *Buttnick v. Buttnick*, 122 Wash. 273, 210 Pac. 497. Pending that appeal, Morris Buttnick was lodged in the King county jail under the contempt order, where he remained some twenty months, until discharged by an order not now before us.

The judgment in the original action required Morris Buttnick to make payments for support, maintenance, attorney's fees, etc., as therein stated, and enjoined Lena Buttnick from disposing of a certain certificate

for fifty shares of the capital stock of the Buttnick Jobbing & Investment Company, a corporation, upon which stock a lien was impressed in favor of respondent, and dismissed the action as to all of the defendants therein except Morris and Lena Buttnick.

The first contention made is that the defendants Buttnick Jobbing and Investment Company and J. M. Buttnick, having been dismissed out of the original action, had no appealable interest therein, and the appeal bond, although they joined therein as principals, was wholly without consideration, and void as to them, and if void as to such principals cannot be enforced against the sureties.

Assuming, for present purposes, that the Buttnick Jobbing & Investment Company and J. M. Buttnick had no right of appeal, and that, on motion of the respondent there, their appeal would have been dismissed, yet they chose to appeal, and doing so gave the bond which was accepted and relied upon by the respondent as a supersedeas bond under which, in fact if not in law, the original judgment was superseded, and after having gained the full purpose for which the bond was given, it would be bad law and bad morals to now permit them to say that because, forsooth, their appeal was unnecessary, or might have been dismissed, they may now avail themselves of their own mistake, and thus relieve both principals and sureties, and wholly deprive respondent of the security which the statute requires to be given when a judgment is superseded on appeal.   The bond cannot be said to be without consideration.   There was in fact a detriment to the obligee, in that she relied upon the bond and did not seek to enforce the judgment pending the appeal, even though it be thought that there was no benefit to the obligors; and that there was such a benefit is

at least debatable.   We think appellants cannot now be heard to question the sufficiency of the bond.  4 C. J. §§ 3353, 3354.

It is next contended that, as the bond secured the payment of the sums accruing pending the appeal, the respondent, as the person thus secured, had no right to seek other and independent relief against the principals, or change their condition so as to increase their hazard or risk on the bond; that, by the contempt proceedings this was done, as Morris Buttnick was thereby placed in jail and prevented from earning money during the pendency of the appeal with which to pay the judgment, or indemnify the bondsmen in the event of affirmance; or, at least, that there was a choice of remedies, and by proceeding in contempt, the right to sue on the bond was waived.   This argument seems to be based upon the assumption that, by the contempt proceedings, an attempt was made to enforce the judgment then pending on appeal, a wholly unwarranted assumption, as will clearly appear from a reading of the decision in the 118th Washington Report, hereinbefore cited.   The contempt proceedings were based upon a wholly different liability from that superseded by the bond.   The attempt to enforce such a distinct liability could have no effect whatever upon the liability originally appealed from or the bond given to secure its payment, in event of affirmance.

In disposing of the appeal in the original case, although requested so to do, this court declined to enter judgment against the sureties on the appeal bond, and it is argued that such refusal is *res judicata* as to this action.   This court rightly refused to enter judgment against the sureties on the appeal bond because, since the temporary maintenance, if paid, would, to that extent, take the place of the permanent mainte-

nance provided for in the judgment, it had no way of determining what amount was then due and unpaid on the judgment which it had affirmed, and properly and necessarily left that fact to be determined in an action on the bond.

Other matters discussed by appellants have been considered, but we find nothing constituting reversible error, or of a character to warrant further discussion.

The judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.